UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Corey Jawan Robinson,<br><br>                Plaintiff,<br><br>  v.<br><br>Ofc Jerome Middleton; Sgt. J. Jones; Ofc. Samuel Howell; Ofc. Lasheka Butter, Ofc. Travis Adams, Nurse Brenda Fogel Fields; Cpl. C. Trusho, Sgt. Wilson Simmons, Lt. Reginald Cooper, CCC T. Joyner; CCC L. Fripp; CCC T. McCants; Luanne Mauney, and Elizabeth Holcomb,<br><br>                Defendants. | C/A No. 5:13-cv-2389-JMC-KDW<br><br><br><br>REPORT AND RECOMMENDATION |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's Motion for Default Judgment, ECF No. 40, filed on December 23, 2013. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

Plaintiff's motion asks the court to enter judgment against Defendant Middleton. ECF No. 40. Plaintiff argues that he "provided information sufficient to identify Defendant Jerome Middleton, which is his known last employment address." *Id.* at 1. Plaintiff contends that "all defendants has [sic] answered to complaint with the exception of Ofc. Jerome Middleton and Ofc. Travis Adams, which Ofc. Jerome Middleton is the actual officer who is relible [sic] for the assault and battery and excessive force on plaintiff." *Id.* Plaintiff alleges that 21 days have passed since the other Defendants answered his Complaint and Defendant Middleton still has not

filed an Answer, and therefore, Plaintiff argues that a default judgment should be entered against Ofc. Middleton. *Id.* Defendant Middleton opposes Plaintiff's motion and argues that he has not been properly served with the lawsuit. ECF No. 45 at 1.

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The undersigned has reviewed the docket and finds that although the court authorized service of process and a summons was issued on October 10, 2013, *see* ECF No. 15, Defendant Middleton had not been served with Plaintiff's Complaint at the time Plaintiff filed his default motion.[1] Therefore Plaintiff's motion was premature. Accordingly, it is recommended that Plaintiff's Motion for Default Judgment, ECF No. 40, be denied.

IT IS SO RECOMMENDED.

March 7, 2014                                                                 Kaymani D. West
Florence, South Carolina                                               United States Magistrate Judge

---

[1] An Acceptance of Service of Complaint was filed by Defendant Middleton on February 28, 2014. ECF No. 54.