UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Corey Jawan Robinson, | ) | C/A No.: 5:13-cv-02389-JMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER ON |
| | ) | MOTION TO FILE |
| | ) | DOCUMENTS UNDER SEAL |
| Ofc Jerome Middleton, Sgt. J. Jones, Ofc. Samuel Howell, Ofc. Lasheka Butter, Ofc. Travis Adams, Nurse Brenda Fogel Fields, Cpl C. Trusho, Sgt. Wilson Simmons, Lt. Reginald Cooper, CCC T. Joyner, CCC L. Fripp, CCC T. McCants, Luanne Mauney, and Elizabeth Holcomb, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter comes before the court on Defendants' Motion to File Under Seal Exhibit 2 to Defendants' Motion to Dismiss or in the alternative Motion for Summary Judgment. ECF No. 73. In support of this Motion, Defendants submit that Exhibit 2, which consists of Plaintiff's personal medical information, is confidential and/or discusses and relates to confidential information and should not be subject to public disclosure. *Id.* at 1.

Applicable law and the Local Rules of this court provide specific guidance regarding consideration of a motion to seal. *See* Local Civ. Rule 5.03 (D.S.C.) (setting out procedure to be followed in moving to seal documents filed with the court). In conducting its review, the court is guided by *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). In that case, the Fourth Circuit found that "a district court 'has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests.'" (citing *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). The court's discretion notwithstanding, the court cannot ignore the presumption in favor of public access. *Ashcraft*, 218

F.3d at 302. Accordingly, in order to seal documents, the court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.*

The public-notice requirement has been satisfied by Defendants' electronic filing of the motion to seal, which includes a descriptive, non-confidential description of the documents they seeks to have filed under seal. ECF No. 73. *See* Local Civ. Rule 5.03(D) (requiring provision of public notice of the motion to seal and finding the docketing of such a motion to satisfy that requirement). Defendants filed the Motion on May 6, 2014, and no one has opposed Defendants' Motion to Seal.

Regarding the remaining requirements, the court has reviewed the documents Defendants seek to seal and finds that it is appropriate to grant Defendants' Motion. In conducting its review, the court considered less-drastic alternatives to sealing Plaintiff's medical records attached as Exhibit 2 to Defendants' Motion to Dismiss or in the alternative Motion for Summary Judgment, ECF No. 72, but finds no reasonable less-drastic alternative available. The documents sought to be filed under seal contain or consist of Plaintiff's confidential medical information and the court has independently reviewed the documents in camera and concludes that the documents do not lend themselves to selective redaction.

The court, therefore, grants Defendants' Motion to Seal, ECF No. 73, and Exhibit 2 to Defendants' Motion to Dismiss or in the alternative Motion for Summary Judgment, ECF No. 72, is to be filed under seal.

IT IS SO ORDERED.

May 22, 2014                                                   Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge