UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Corey Jawan Robinson #294233, ) | C/A No. 5:13-cv-2389-JMC-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Report and Recommendation |
| Ofc Jerome Middleton; Sgt. J. Jones; Ofc. Samuel ) | |
| Howell; Ofc. Lasheka Butter; Ofc. Travis Adams; ) | |
| Nurse Brenda Fogel Fields; Cpl. C. Trusho; Sgt. ) | |
| Wilson Simmons; Lt. Reginald Cooper; CCC T. ) | |
| Joyner; CCC L. Fripp; CCC T. McCants; Luanne ) | |
| Mauney; and Elizabeth Holcomb; ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. This matter is before the court on Defendants Sgt. J. Jones; Ofc. Samuel Howell; Ofc. Lasheka Butter; Nurse Brenda; Fogel Fields; Cpl. C. Trusho; Sgt. Wilson Simmons; Lt. Reginald Cooper; CCC T. Joyner; CCC L. Fripp; CCC T. McCants; Luanne Mauney; and Elizabeth Holcomb's Motion to Dismiss, or in the Alternative Motion for Summary Judgment filed on May 6, 2014. ECF No. 72. Additionally, Defendant Middleton filed a separate Motion for Summary Judgment on May 6, 2014. ECF No. 74. As Plaintiff is proceeding pro se, the court entered a *Roseboro*[1] order on May 7, 2014, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 75. Plaintiff responded to Defendants' Motions on May 27, 2014. ECF Nos. 85, 86. Defendant Middleton filed a Reply on June 6, 2014. These Motions are now ripe for consideration. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C. Because this motion is dispositive, a Report and Recommendation is entered for the court's review.

I.      Factual and Procedural Background

Corey Jawan Robinson, a pro se litigant, is currently an inmate housed at Lieber Correctional Institution ("LCI"). Plaintiff filed this action on September 4, 2013, for excessive force, medical indifference, gross negligence, assault and battery, 8th Amendment, conspiracy, retaliation, 14th Amendment, and harassment. ECF No. 1 at 3. On January 31, 2013, Plaintiff maintains that he "knocked [his] head very hard on a[n] iron fence while on crisis intervention [and] went into a seizure state. . ." *Id.* at 4. Additionally, Plaintiff maintains he was then gassed and never given any medical treatment for his head injury. *Id.* Additionally, Plaintiff makes allegations regarding incidents that happened in February of 2013, including his continuous requests for a blanket and complaints about needing medical attention. *Id.* at 5-7.

Plaintiff seeks $10,000 from Defendant Middleton for punitive and compensatory damages; $5,000 for punitive and compensatory damages from Defendants Fields, Mauney and Holcomb; $7,500 punitive and compensatory damages from Defendants Trusho, Cooper, Simmons, Fripp, McCants, and Holcomb; $2,500 against each defendant for conspiracy, attorney's fees, costs, and all debts owed to SCDC, and the state and federal courts. *Id.* at 10. Plaintiff requests the court approve a "global settlement for the amount of $18,750 to include section 6 in relief if no answer to complaint by defendants." *Id.* Finally, Plaintiff requests a non-jury trial and for the court to exercise supplemental jurisdiction over state law claims. *Id.*

II.     Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed.

R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a Complaint filed by a pro se litigant to allow the development of a potentially meritorious case*, see, e.g.*, *Cruz v. Beto*, 405 U.S. 319, 322 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

III.    Analysis

The undersigned will first address the allegations in Defendants Sgt. J. Jones; Ofc. Samuel Howell; Ofc. Lasheka Butter; Nurse Brenda; Fogel Fields; Cpl. C. Trusho; Sgt. Wilson

Simmons; Lt. Reginald Cooper; CCC T. Joyner; CCC L. Fripp; CCC T. McCants; Luanne Mauney; and Elizabeth Holcomb's Motion to Dismiss, or in the Alternative Motion for Summary Judgment. ECF No. 72. Defendant Middleton makes many of the same arguments, and the undersigned will address his arguments after resolving several issues before the court.

1. Failure to Exhaust

Initially, Defendants argue the district court lacks jurisdiction because Plaintiff has failed to exhaust his administrative remedies. ECF No. 72 at 4. Defendants maintain that Plaintiff has failed to present any evidence that he has exhausted the available administrative remedies as required by statute. *Id.* Additionally, Defendants argue that (a) Plaintiff failed to file any grievances related to many of the allegations before filing his Complaint, and (b) in his filed grievances, Plaintiff failed to identify any actions by the Defendants which relate to any allegations in his Complaint other than scheduling him for outside treatment. *Id.* at 5.

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of all available administrative remedies. *See Booth v. Churner*, 532 U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter,* 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739).

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers

4

before it is haled into federal court[.]" *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement. Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). Thus, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005). SCDC inmates are required to file Step 1 Grievance forms and Step 2 Grievance forms prior to initiating civil actions. *See Wagner v. United States*, 486 F. Supp. 2d 549, 558 (D.S.C. 2007).

As mentioned above, because failure to exhaust is an affirmative defense, it is *defendants'* burden to demonstrate to the court that a Plaintiff failed to exhaust his administrative remedies and therefore his case should be dismissed. *See e.g., Jones v. Bock,* 549 U.S. 199 (2007) (holding that "failure to exhaust is an affirmative defense under the PLRA" and "inmates are not required to specially plead or demonstrate exhaustion in their complaints"); *Anderson*, 407 F.3d at 683; *Lawson v. Berg*, No. 9:07-907-JFA-GCK, 2008 WL 4200328, at *3 (D.S.C. Sept. 2, 2008). Though exhaustion is a prerequisite to filing suit, to warrant dismissal on those grounds, a *defendant* bears the burden of "proving an affirmative exhaustion of the

administrative remedies outlined in the PLRA," contrary to Defendants' unsupported and uncited assertion that Plaintiff bears the burden. *See* ECF No. 72 at 5.

Nevertheless, Defendants attached a print-out of "all grievances filed by" Plaintiff as of July 30, 2013 in support of their assertion that Plaintiff failed to exhaust his remedies. ECF No. 72-1 at 1. In his Complaint, Plaintiff indicates he filed Grievance Number LCI0262-13 on February 14 and around February 21, 2013. ECF No. 1 at 3. Though Plaintiff filed Grievance Number LCI0203-13 on February 14, 2013 concerning facts in his Complaint, the grievance remained at the institutional level because Plaintiff did not file a Step 2 grievance concerning the incident. *See* ECF No. 72-1 at 1. Based on a review of the attached grievances, Plaintiff only filed a Step 2 grievance for grievance Number LCI0348-13, filed on February 26, 2013. *See id.* at 1-8. Based on Plaintiff's assertion in his Complaint concerning grievances he filed prior to filing this action, the print-out of "all grievances filed by" Plaintiff submitted by Defendants, and attached grievances submitted by both parties, the undersigned finds that Plaintiff has exhausted his administrative remedies only for Grievance LCI0262-13.

In his exhausted grievance, Plaintiff indicated that he was filing the grievance for "conspiracy, medical malpractice, gross negligence, deliberate indifferent (sic) to a serious medical need of a head injury." ECF No. 72-1 at 5. Additionally, Plaintiff maintained that he needed an x-ray and diagnosis of his head injury so that he could be properly treated for it. *Id.* Plaintiff indicated he was experiencing pressure and extreme pain since he hit his head on January 30, 2013. *Id.* Plaintiff requested "MRI scanning, CAT scanning, an x-ray, and diagnosis "ASAP this is a life and death situation. . . ." *Id.* Plaintiff made similar, follow-up allegations in his Step 2 Grievance. *See* 72-1 at 4. Therefore, Plaintiff exhausted claims for only conspiracy,

6

medical malpractice, gross negligence, and deliberate indifference to a serious medical need related to a head injury.

The undersigned will not address Plaintiff's causes of action for excessive force, assault and battery, retaliation, and harassment because they were not raised in Grievance Number LCI0262-13. Therefore, the undersigned recommends these causes of action be dismissed for failure to exhaust.[2] The undersigned will address Defendants' other arguments on the merits to the extent they address the allegations in Plaintiff's Complaint concerning Grievance Number LCI0262-13. Therefore, the undersigned will begin by addressing Plaintiff's allegations that he was denied medical care relating to his head injury.

2. Deliberate Indifference to Medical Needs

Defendants argue that Plaintiff's allegations are unclear and fail to reference specific events upon which these Defendants can base their defense. ECF No. 72 at 6. Additionally, Defendants maintain that Plaintiff's medical records clearly reflect that Plaintiff received appropriate treatment by numerous SCDC and outside medical personnel since January 30, 2013. *Id.* at 7.

To prevent the entry of summary judgment on a cause of action for deliberate indifference to medical needs, a plaintiff must present evidence sufficient to create a genuine issue of fact that the defendant was deliberately indifferent to his serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 832-35 (1994); *Wilson v. Seiter,* 501 U.S. 294, 297 (1991); *Estelle v.*

---

[2] Defendants also maintain that Plaintiff's claims are barred under the doctrine of res judicata because his allegations stem from his treatment from January 30, 2013 through February 30 (sic), 2013. ECF No. 72 at 19. Specifically, Defendants argue that Plaintiff's legal arguments against certain Defendants are identical to those he previously raised in another complaint, *Robinson v. Amonti, et al.*, 2013-cv-00504-JMC-KDW. Because Plaintiff is asserting a cause of action for continued deliberate indifference to his medical care, and because Plaintiff had not exhausted his administrative remedies at the time he filed that complaint, the undersigned does not recommend granting Defendants summary judgment based on res judicata and collateral estoppel.

*Gamble*, 429 U.S. 97, 104-05 (1976). Deliberate indifference to a serious medical need requires proof that each defendant knew of and disregarded the risk posed by the plaintiff's objectively serious medical needs. *Farmer*, 511 U.S. at 846. An assertion of mere negligence or malpractice is not enough to state a constitutional violation, plaintiff must allege and demonstrate "[deliberate indifference] . . . by either actual intent or reckless disregard." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled in part on other grounds by Farmer*, 511 U.S. at 837. In other words, a plaintiff must allege facts demonstrating that defendant's actions were "[s]o grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id*. The Fourth Circuit Court of Appeals defines a serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreye*, 535 F.3d 225, 241 (4th Cir. 2008) (internal citation omitted). A medical condition is also serious if a delay in treatment causes a lifelong handicap or permanent loss. *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

The undersigned finds that Plaintiff has not offered any evidence that would support a finding that Defendants intentionally or recklessly disregarded Plaintiff's medical needs or delayed Plaintiff's access to medical care. Medical records, filed under seal, indicate Plaintiff has had 92 health "encounters" from January 20, 2013 to July 5, 2013. *See* Exhibit 2 to ECF No. 73 (Batestamps Medicals 0004-Medicals 0026) ("Medicals"). Plaintiff's medical encounters include sick call visits, visits with the mental health clinic, outside appointments, and lab clinics. *See id.* Nurse Brenda Fields evaluated Plaintiff's overall health in the Special Management Unit on February 5, 2013, and found he suffered no injuries from either his own actions or the actions of others. ECF No. 72-6 at ¶¶ 6; 8. Additionally, Nurse Fields opined that Plaintiff's medical

condition never required outside medical attention. *Id.* at ¶12. Furthermore, a CT scan of Plaintiff's head was "normal nonenhanced," and revealed "no acute hemorrhage, mass, mass effect, shift, or edema. The entricles, cortical sulci, and basilar cisterns are unremarkable. There are no intra-axial or extra-axial collections or masses." *See* Medicals at 37.

In support of their argument, Defendants submitted the affidavit of Nurse Practitioner Elizabeth Holcomb who reviewed Plaintiff's medical records and medical chart and found "no injury resulting from his stint on Crisis Intervention from January 30, 2013 to February 13, 2013." *See* ECF No. 72-4 at ¶ 6. Nurse Holcomb averred that Plaintiff's medical tests, including a computerized tomography scan ("CT-Scan") returned with normal results. *Id.* at ¶ 7. Additionally, Nurse Holcomb opined that Plaintiff's medical condition from January 30, 2013 to July 5, 2013, did not warrant outside medical treatment. *Id.* at ¶ 8. Though prescribed medication, Plaintiff has voluntarily chosen to discontinue taking certain medications. *Id.* at ¶ 12. Nurse Holcomb indicates that Plaintiff was, and is, currently receiving constant medical care. *Id.* at ¶ 13. Defendants also submitted an affidavit from Nurse Luanne Mauney who undertook the same review of Plaintiff's medical records and came to the same conclusions as Nurse Practitioner Holcomb. ECF No. 72-5.

Plaintiff's cause of action for medical malpractice and gross negligence are not cognizable § 1983 claims. Although Plaintiff may disagree with the amount of treatment he received or may object to the medical staff's attitude towards him, such allegations do not constitute a constitutional deprivation. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994) (finding that although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary). As the Fourth Circuit Court of Appeals articulated:

> Negligence or malpractice in the provision of medical services does not constitute a claim under § 1983. The standard for § 1983 liability is deliberate indifference to serious medical needs. Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged.

*Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (internal citations omitted).

The undersigned finds that the record does not contain facts that demonstrate Defendants knew of and disregarded Plaintiff's serious medical needs. Rather, the record before the court indicates that Plaintiff was treated for various medical complaints, including his head injury. Additionally, medical records and opinions presented to the court indicate that Plaintiff did not suffer a serious injury from his self-inflicted head injury. Therefore, the undersigned finds that the record does not contain facts that demonstrate Defendants knew of and disregarded Plaintiff's serious medical needs. On the contrary, the record demonstrates that SCDC medical personnel regularly assessed Plaintiff and concluded he did not need outside medical attention. Accordingly, the undersigned recommends that Defendants be granted summary judgment on Plaintiff's medical indifference claim.

   3. State Law Claims

Plaintiff also alleges claims for gross negligence and medical malpractice in violation of state law. Having found that Defendants are entitled to summary judgment regarding Plaintiff's constitutional claims, it is recommended that the court decline to exercise supplemental jurisdiction over any claim for relief asserted pursuant to state law. *See* 28 U.S.C. § 1367(c)(3).

   4. Conspiracy

Defendants maintain that Plaintiff failed to allege facts sufficient to give rise to a conspiracy cause of action. ECF No. 72 at 18. Moreover, Defendants argue that Plaintiff failed to

allege with any specificity what actions Defendants took in concert with one another and only alleges an ongoing conspiracy from January to June of 2013. *Id.* at 19.

"To establish a civil conspiracy under § 1983, [Plaintiff] must present evidence that the [Defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in Appellants' deprivation of a constitutional right. . . ." *Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416, 421 (4th Cir. 1996). Additionally, the *Hinkle* court held: "[T]o survive a properly supported summary judgment motion, [Plaintiff's] evidence must, at least, reasonably lead to the inference that [Defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." *Id.* Plaintiff's purported cause of action for conspiracy must also fail as a matter of law because Plaintiff has failed to demonstrate any deprivation of a constitutionally protected right. Accordingly, the undersigned recommends granting all Defendants summary judgment on Plaintiff's conspiracy claims.

     5.   Qualified Immunity

Defendants assert that they are entitled to qualified immunity on Plaintiff's claims. ECF No. 72 at 13-14. The Supreme Court in *Harlow v. Fitzgerald* established the standard that the court is to follow in determining whether a defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. 800, 818 (1982).

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the

alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 230-33 (2009). The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the circumstances of the particular case. *Id.* at 236. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Parrish v. Cleveland*, 372 F.3d 294, 301-03 (4th Cir. 2004). "If the right was not clearly established in the specific context of the case—that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted—then the law affords immunity from suit." *Id*. (citations and internal quotation omitted).

The record before the court shows that these Defendants performed the discretionary functions of their respective official duties in an objectively reasonable fashion. Defendants did not transgress any statutory or constitutional rights of Plaintiff that they were aware of in the exercise of their respective professional judgments. Thus, to the extent the district judge finds that a constitutional violation occurred, the undersigned recommends that these Defendants be granted qualified immunity.

      6. Defendant Middleton's Motion for Summary Judgment.

Defendant Middleton should be dismissed as a Defendant in this action. Plaintiff's main cause of action involving Defendant Middleton concerns a claim for excessive force. However, the undersigned previously found that claim should be dismissed for failure to exhaust. *See* supra section III (1) at 7. Additionally, the undersigned found that no SCDC employee was deliberately indifferent to Plaintiff's medical needs and that Plaintiff failed to produce any evidence of a conspiracy. These findings concern and apply to all named Defendants.

Defendant Middleton also argued he is entitled to qualified immunity. ECF No. 74-1 at 8. To the extent the district court disagrees with the undersigned's recommendations above, the undersigned finds that Defendant Middleton also performed the discretionary functions of his respective official duties in an objectively reasonable fashion. He also did not transgress any statutory or constitutional rights of Plaintiff that he was aware of in the exercise of his respective professional judgment. Thus, to the extent the district judge finds that a constitutional violation occurred, the undersigned recommends that Defendant be granted qualified immunity.

Finally, Defendant Middleton maintains that he should be entitled to Summary Judgment under the Eleventh Amendment. *Id.* at 11. The undersigned agrees. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The United States Supreme Court has long held that the Eleventh Amendment also precludes suits against a state by one of its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). This immunity extends not only to suits against a state per se, but also to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.*, 242 F.3d 219, 222 (4th Cir. 2001). Because Defendants are agents or employees of the State of South Carolina when acting in their official capacities, they are not "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983."). A state cannot, without its consent, be sued in a District Court of the United States by one of its own citizens upon the claim that the case is one that arises under the Constitution and laws of the United States. *Edelman*, 415 U.S. at 663. The State of South Carolina has not consented to be sued in this case.  S.C. Code Ann. § 15-78-

13

20(e).   As an arm of the State, Defendant Middleton, in his official capacity, is immune from suit under the Eleventh Amendment. Accordingly, the undersigned recommends that Plaintiff's claims against Defendant Middleton in his official capacity be dismissed.

V.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants Sgt. J. Jones; Ofc. Samuel Howell; Ofc. Lasheka Butter; Nurse Brenda; Fogel Fields; Cpl. C. Trusho; Sgt. Wilson Simmons; Lt. Reginald Cooper; CCC T. Joyner; CCC L. Fripp; CCC T. McCants; Luanne Mauney; and Elizabeth Holcomb's Motion to Dismiss, or in the Alternative Motion for Summary Judgment, ECF No. 72, be GRANTED. Additionally, it is recommended that Defendant Middleton's Motion for Summary Judgment, ECF No. 74, be GRANTED and that this case be dismissed against all Defendants.

IT IS SO RECOMMENDED.

November 21, 2014                                         Kaymani D. West
Florence, South Carolina                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**