# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Corey Jawan Robinson, ) | |
| ) | Civil Action No. 5:13-cv-02389-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Ofc. Jerome Middleton, Sgt. J. Jones, Ofc. ) | |
| Samuel Howell Ofc. Lasheka Butter, Ofc. ) | |
| Travis Adams, Nurse Brenda Fogel Fields, ) | |
| Cpl. C. Trusho, Sgt. Wilson Simmons, ) | |
| Lt. Reginald Cooper, CCC T. Joyner, ) | |
| CCC L. Fripp, CCC T. McCants, Luanne ) | |
| Mauney, Elizabeth Holcomb, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Corey Jawan Robinson ("Plaintiff") filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff alleges "excessive force, medical indifference, gross negligence, assault and battery, Eighth Amendment, conspiracy, retaliation, [and] Fourteenth Amendment harassment" by Defendants Jerome Middleton, J. Jones, Samuel Howell, Lasheka Butter, Travis Adams, Brenda Fogel Fields, C. Trusho, Wilson Simmons, Reginald Cooper, T. Joyner, L. Fripp, T. McCants, Luanne Mauney, and Elizabeth Holcomb, (collectively "Defendants"). (ECF No. 1.) This matter is before the court on Defendants Jones, Howell, Butter, Fields, Trusho, Simmons, Cooper, Joyner, Fripp, McCants, Mauney, and Holcomb's Motion to Dismiss, or in the alternative, Motion for Summary Judgment (ECF No. 72) and Defendant Middleton's Motion for Summary Judgment (ECF No. 74).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial handling. On November 21, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court

1

grant both Motions and dismiss the case. (ECF No. 102.) This review considers Plaintiff's Objection to Report and Recommendation ("Objections"), filed December 1, 2014 (ECF No. 104), Defendant Middleton's Response to Plaintiff's Objections ("Response"), filed December 18, 2014 (ECF No. 106), and Plaintiff's Reply Objection to the Report and Recommendation ("Reply"), filed December 29, 2014 (ECF No. 107). For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report. The court thereby **GRANTS** Defendants Jones, Howell, Butter, Fields, Trusho, Simmons, Cooper, Joyner, Fripp, McCants, Mauney, and Holcomb's Motion to Dismiss, or in the alternative, Motion for Summary Judgment (ECF No. 72) and Defendant Middleton's Motion for Summary Judgment (ECF No. 74) and dismisses this action.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (*See* ECF No. 102.) The court will only recite herein facts pertinent to the analysis of Plaintiff's Objections, the Response, and the Reply.

Plaintiff is incarcerated at Lieber Correctional Institution ("LCI"), within the South Carolina Department of Corrections ("SCDC"). (ECF No. 1 at 3.) Plaintiff alleges that on January 31, 2013, he hit his head while in the crisis intervention unit at LCI, and never received medical treatment for his head injury. (*Id.* at 4.) Plaintiff further alleges that on February 5, 2013, Defendant Middleton, in retaliation for another lawsuit Plaintiff had pending against him, was rude to Plaintiff and pulled at Plaintiff's legs and kicked Plaintiff. (*Id.* at 6-7.)

Plaintiff filed his Complaint on September 4, 2013, seeking $10,000 in compensatory and punitive damages from Defendant Middleton; $5,000 in compensatory and punitive damages

from Defendants Fields, Mauney, and Holcomb; $7,500 in compensatory and punitive damages from Defendants Trusho, Cooper, Simmons, Fripp, McCants, and Holcomb; $2,500 against each Defendant for conspiracy; attorney's fees, costs and all debts owed to SCDC and the state and federal courts. (*Id.* at 10.)

On May 6, 2014, Defendants Jones, Howell, Butter, Fields, Trusho, Simmons, Cooper, Joyner, Fripp, McCants, Mauney, and Holcomb filed their Motion to Dismiss, or in the alternative, Motion for Summary Judgment (ECF No. 72) and Defendant Middleton filed his Motion for Summary Judgment (ECF No. 74). On November 21, 2014, the Magistrate Judge issued the report recommending the court grant both Motions and dismiss the action. (ECF No. 102.) In the Report, the Magistrate Judge found that Plaintiff had only met the Prison Litigation Reform Act requirement that he fully exhaust his administrative remedies prior to filing suit with regard to Grievance LCI0348-13,[1] which addressed "conspiracy, medical malpractice, gross negligence, [and] deliberate indifferent [*sic*] to a serious medical need of a head injury." (*Id.* at 6; *see also* ECF No. 72-1 at 5.) As such, the Magistrate Judge recommended the causes of action of excessive force, assault and battery, retaliation, and harassment be dismissed for failure to exhaust. (ECF No. 102 at 7.) The Magistrate Judge further recommended the court grant summary judgment on Plaintiff's medical indifference claim, as "the record demonstrates that SCDC medical personnel regularly assessed Plaintiff and concluded he did not need outside medical attention." (*Id.* at 10.) In addition, the Magistrate Judge stated, "Plaintiff's purported cause of action for conspiracy must also fail as a matter of law because Plaintiff has failed to

---

[1] In the Report, the Magistrate Judge stated that Grievance LCI0261-13 is the "exhausted grievance." (ECF No. 102 at 6.) However, as Defendant Middleton noted in the Response, this may have been a typo, as the grievance to which the Magistrate Judge cites and from which she quotes is LCI0348-13. (ECF No. 106; *see* ECF No. 72-1 at 5.) Thus, the "exhausted grievance" shall be construed to be LCI0348-13.

demonstrate any deprivation of a constitutionally protected right." (*Id.* at 11.) As the Magistrate Judge found the Defendants performed their official duties in an objectively reasonable fashion and that they did not violate any constitutional rights of Plaintiff, she found the Defendants are entitled to qualified immunity. (*Id.* at 12.) Regarding Defendant Middleton, the Magistrate Judge found he performed the discretionary functions of his official duties in an objectively reasonable manner, as well, and therefore was also entitled to qualified immunity. (*Id.* at 13.) Finally, the Magistrate Judge found that as Defendant Middleton is an agent or employee of the State of South Carolina when acting in his official capacity, he is not a "person" within the meaning of § 1983 and is thus entitled to immunity under the Eleventh Amendment. (*Id.* at 13-14.) The Magistrate Judge also recommended the court decline to exercise supplemental jurisdiction over any state law claims. (*Id.* at 10.)

Plaintiff timely filed his Objections on December 1, 2014. (ECF No. 104.) Defendant Middleton filed the Response on December 18, 2014 (ECF No. 106), followed by Plaintiff's Reply on December 29, 2014 (ECF No. 107).

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

**A. First Motion to Dismiss**

Plaintiff offers no objection to the portions of the Report discussing the allegations against Defendants Jones, Howell, Butter, Fields, Trusho, Simmons, Cooper, Joyner, Fripp, McCants, Mauney, and Holcomb or these Defendants' Motion to Dismiss. Indeed, Plaintiff specifies, he "makes an objection to report and recommendation only addressing the allegations involving defendant Jerome Middleton for the use of excessive force, gross negligence, and assault and battery." (ECF No. 104 at 1.)

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond,* 416 F.3d at 315. Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas,* 474 U.S. 140; *Wright,* 766 F.2d 841; *Schronce,* 727 F.2d 91. Therefore, after a thorough and careful review of the Report and the record, the court finds the Report provides an accurate summary of the facts and law and adopts the Magistrate Judge's recommendation on these issues. Therefore, these Defendants' Motion to Dismiss is granted, and this action is dismissed as to these Defendants and as to all claims other than excessive force, gross negligence, and assault and battery against Defendant Middleton.

**B. Defendant Middleton's Motion for Summary Judgment**

Plaintiff first argues that he has, in fact, exhausted his administrative remedies with regard to his claims against Defendant Middleton. (ECF No. 104 at 3.) Plaintiff attached to his Objections copies of his Step 1 and Step 2 Grievance forms for Grievance No. LCI0262-13, which show final responses from SCDC officials. (ECF No. 104-1.) Defendant Middleton counters, however, that Plaintiff did not file his Step 2 Grievance prior to filing this suit, and therefore did not fully exhaust his remedies before filing suit. (ECF No. 106 at 1-2.) Plaintiff argues that because SCDC officials took longer than the policy-mandated time period to respond to his grievance, he should not be punished for failing to file a Step 2 Grievance prior to filing suit. (ECF No. 107 at 2.) Further, Plaintiff argues, this court found he had exhausted his

administrative remedies in a prior suit when his Step 2 Grievance was filed after he filed a complaint. (*Id.* at 2-3.)

Indeed, this court declined to dismiss Plaintiff's claims in that case for failure to exhaust. *See Robinson v. Marquart,* Civil Action No. 5:13-cv-01899-JMC, ECF No. 42 at 6-7. However, the court notes, the grievances at issue in that case were affected by a policy change, which caused Plaintiff to have to resubmit his grievances multiple times to fully comply with the new requirements. *Marquart,* ECF No. 42 at 6; *see also* ECF No. 35 at 2-4. The Magistrate Judge had found there was no evidence Plaintiff had attempted to remedy the deficiencies in his grievances under the new policy. *Marquart,* ECF No. 33 at 6. However, in his Objections, Plaintiff could demonstrate he had made such an effort. *See Marquart,* ECF No. 35-1. In light of the changing policy, the court was willing to give Plaintiff leeway in regard to the exhaustion requirement. The court notes, too, that Plaintiff's claim in that case was dismissed on other grounds, and therefore the matter of proper exhaustion was a moot point. *See Marquart,* ECF No. 42.

Case law in this district has found an inmate's exhaustion requirement under the Prison Litigation Reform Act can be satisfied if prison officials fail to respond to a grievance in a timely manner. However, those cases represent instances in which the court "excused the exhaustion requirement when it found that prison officials had appeared to be thwarting a plaintiff's right to bring a federal lawsuit by indefinitely delaying a final decision on a grievance." *Gilbert v. Byars,* 2014 WL 4063020, at *6 (D.S.C. August 14, 2014). Courts in this district have excused the exhaustion requirement when a grievance remained unanswered a year and a half after filing, *Williams v. Loyd,* 2010 WL 3609790, at *5 (D.S.C. Apr. 28, 2010) *objections overruled,* 2010 WL 3609512 (D.S.C. Sept. 13, 2010); five years elapsed before officials responded to a Step 1

Grievance, *Ward v. Byars,* 2013 WL 1403220, at *6 (D.S.C. Mar. 11, 2013) *Report and Recommendation adopted,* 2013 WL 1404918 (D.S.C. Apr. 5, 2013); and a grievance was still pending more than a year after filing, *Mattress v. Taylor,* 487 F. Supp. 2d 665, 671-72 (D.S.C. 2007).

Plaintiff's Step 1 Grievance form for Grievance No. LCI0262-13 was marked "received" on February 19, 2013. (ECF No. 104-1 at 1.) Plaintiff signed the Grievance signifying he had received the warden's response on December 18, 2013, 10 months later. (*Id.* at 3.) Plaintiff's Step 2 Grievance form is marked as "received" on December 19, 2013, and Plaintiff signed it acknowledging a response on February 27, 2014, slightly more than two months later. (*Id.* at 4.) Although SCDC officials took roughly a year from receipt of the Grievance to the final response to the Step 2 Grievance, Plaintiff filed his Complaint seven months after filing his Step 1 Grievance. (*See* ECF No. 1.) Seven months is well within a period for grievance response time that is considered acceptable in this district. *See Gilbert,* 2014 WL 4063020, at *7 ("This court is aware of the numerous grievances and appeals filed each year by inmates with the SCDC. This court cannot say that a period of time from five (5) to nine (9) months represents a period of inordinate delay excusing the PLRA's pre-filing requirement."); *Stroman v. Byars,* 2013 WL 4524167, at *2 (D.S.C. August 26, 2013) ("This court cannot say that a period of time from February through August represents a period of inordinate delay."). As such, Plaintiff filed his Complaint before affording the SCDC an acceptable amount of time to fully process a response.

Plaintiff, by his own admission, has filed several lawsuits. (*See* ECF No. 1 at 6, 8; ECF No. 107 at 2.) At least two of these suits now have examined Plaintiff's exhaustion requirement. Plaintiff cannot claim going forward that he is unaware of this requirement, nor of the court's expectations when meeting it.

8

Plaintiff's exhaustion requirement arguments are moot again in this case, however, as Defendant Middleton is entitled to qualified immunity. A public official is entitled to summary judgment under a defense of qualified immunity if either: (1) the facts, taken in the light most favorable to the plaintiff, do not present the elements necessary to state a violation of a constitutional right, or (2) the right was not clearly established, such that it would not have been clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Pearson v. Callahan,* 555 U.S. 223, 231-32 (2009). The Magistrate Judge found that Defendant Middleton "performed the discretionary functions of his respective official duties in an objectively reasonable fashion" and "did not transgress any statutory or constitutional rights of Plaintiff." (ECF No. 102 at 13.) However, as the Magistrate Judge found Plaintiff had not exhausted his administrative remedies in regard to the excessive force claim, she did not provide a detailed discussion of the claim. (*Id.* at 7.)

When evaluating a claim for qualified immunity, the court must first determine whether Plaintiff has alleged a deprivation of an actual constitutional right. *Wilson v. Layne,* 526 U.S. 603, 609 (1999) (citing *Conn v. Gabbert,* 526 U.S. 286, 290 (1999).). To prove a claim of excessive force in violation of the Eighth Amendment, a plaintiff must satisfy the two-part test outlined by the Fourth Circuit in *Iko v. Shreve,* 535 F.3d 225 (4th Cir. 2008). Under this standard, a plaintiff must show "whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Id.* at 238 (quoting *Williams v. Benjamin,* 77 F.3d 756, 761 (4th Cir.1996)). "All that is necessary is proof of more than *de minimis* pain or injury." *Williams,* 77 F.3d at 761.

Plaintiff fails first on the objective component. To show he suffered injury as a result of the alleged actions of Defendant Middleton, Plaintiff's Objections, in addition to simply reiterating the claims made in his Complaint, refer the court multiple times to the medical records Plaintiff attached to his Complaint. (ECF No. 104 at 5-6; *see* ECF No. 1-1 at 3-8.) The records, however, do not show that he suffered any injury as a result of Defendant Middleton's actions, or that any injury he may have sustained rises above the *de minimis* level. In the medical summary for the day of the alleged incident, the record states that Plaintiff claimed that as a result of Defendant Middleton's alleged actions, he was unable to feel his leg. (ECF No. 1-1 at 8.) The summary goes on to say, however, that Plaintiff was "unable to say which leg. After awhile [*sic*] [Plaintiff] states the bent leg. Both legs are bent." (*Id.*) The summary indicated "no swelling, bruising, abrasions, or lacerations noted." (*Id.*) Plaintiff went on to complain to medical staff that he could not walk and that his legs were swelling. (*Id.*) The summary noted, however, Plaintiff "was observed walking in cell. Again no swelling noted to either leg." (*Id.*) Thus, prison medical staff was unable to note any injury sustained by Plaintiff as a result of any actions on February 5, 2013, on that day.

Plaintiff argues that "[b]oth plaintiff and this honorable court knows when an injury first happens it takes a day or two before the swollening [*sic*] becomes noticable [*sic*]." (ECF No. 104 at 5.) The medical summary provided by Plaintiff, however, notes that on February 6, 2013, "[n]o swelling noted to feet, ankles or legs" and that Plaintiff "was observed most of nite [*sic*] ambulating in cell." (ECF No. 1-1 at 7.) On February 7, 2013, the mental health clinic note states that Plaintiff "says he hurt his foot and head in cell. He says his *injuries both resulted from an accident*." (*Id.* (emphasis added).) On February 9, 2013, Plaintiff again complained to medical staff that he was suffering injury "from 2/5/13 when he states officers slammed him onto

the ground." (*Id.* at 6.)  Medical personnel noted "lower leg, ankle, and foot moderately swollen" but also noted Plaintiff "[s]tates unable to move well, but officers state he has been walking on it" and "[t]here was no swelling in leg on 2/5 or 2/6." (*Id.*)

Other than his unsupported conclusions that swelling takes a day or two to become noticeable, Plaintiff can make no showing that he suffered any injury as a result of Defendant Middleton's alleged actions.  No noticeable injury manifested itself until four days following the incident.  The lapse of four days from the alleged incident and Plaintiff's own statement that his leg injury was the result of an accident make any connection between this injury and any of Defendant Middleton's actions tenuous at best.  Further, the injury Plaintiff cites as being the result of Defendant Middleton's alleged actions is *de minimis*.  The only injury noted in Plaintiff's medical records to his legs or feet did not progress beyond moderate swelling.  Plaintiff does note on his medical record that medical staff stated he may have suffered an ankle sprain, however, this notation was made on February 21, 2013, 17 days after the alleged incident.  (ECF No. 1-1 at 4.)  Plaintiff was noted to be walking around his cell immediately after the incident, the day after, and on the day the swelling was first noted.  In addition, although Plaintiff complained of pain directly after the alleged incident, he could not specify the location of the alleged pain.  Thus, any injury Plaintiff suffered was not "sufficiently serious."

"[T]he 'core judicial inquiry' regarding the subjective component of an excessive force claim is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'"  *Iko,* 535 F.3d at 239 (quoting *Hudson v. McMillian,* 503 U.S. 1, 7 (1992).  Plaintiff alleges that Defendant Middleton used force in retaliation for a previous lawsuit Plaintiff had filed against him.  (ECF No. 1 at 6.)  Defendant Middleton argues, however, that he was unaware at that time of any lawsuit filed against him.

(ECF No. 74-1 at 7.)  Further, Defendant Middleton argues, "any use of force was precipitated by Plaintiff's refusal to return to his cell. … Plaintiff admits he refused to go back to his cell." (*Id.*)  Plaintiff fails to present facts that Defendant Middleton was aware of any lawsuit against him that would have motivated him to maliciously cause Plaintiff harm and Plaintiff does not refute he refused to return to his cell.  Instead, Plaintiff attempts to argue minor differences among staff incident reports amount to material disputes of fact.  (*See* ECF No. 104 at 7.)  Further, Plaintiff makes the unsupported assertion that he was "in full restraint at the time" of the alleged incident and "could not have caused his [own] injuries." (*Id.* at 8.)  "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

Further, the medical records to which Plaintiff repeatedly cites contradict his own assertions, refuting first his allegations that officers threw him to the ground ("[Plaintiff] resisted officer, layed [*sic*] himself to the ground, then states officer thru [*sic*] him to the ground, stepped on his leg."), then noting he stated the injury was from an accident and not from a beating. (ECF No. 1-1 at 7-8.)  Although this court is to construe Plaintiff's assertions in the light most favorable to him, his own cited assertions fail to back up his claim.

As such, Plaintiff fails the subjective component, and cannot make a showing that Defendant Middleton violated his Eighth Amendment right against the use of excessive force.  Therefore, because Plaintiff cannot allege a deprivation of a constitutional right, Defendant Middleton is entitled to qualified immunity.

As Defendant notes, "Plaintiff [in his Objections] largely restates the factual allegations he raised in his Complaint and in opposition to Summary Judgment.  Plaintiff does not provide any new facts or arguments to refute the recommended finding of qualified immunity."  The

court agrees. As such, Plaintiff cannot present facts that show any force was applied "maliciously and sadistically to cause harm" rather than a "good-faith effort to maintain or restore discipline."

Finally, the court declines to exercise supplemental jurisdiction over any state law claims.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 102). It is therefore ordered that Defendants Jones, Howell, Butter, Fields, Trusho, Simmons, Cooper, Joyner, Fripp, McCants, Mauney, and Holcomb's Motion to Dismiss, or in the alternative, Motion for Summary Judgment (ECF No. 72) and Defendant Middleton's Motion for Summary Judgment (ECF No. 74) are **GRANTED** and this action (ECF No. 1) is **DISMISSED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 16, 2015
Columbia, South Carolina